Rafael González, demandante y apelado, *v.* Octavio Wys, demandado y apelante.

No. 3650.—*Visto:* Junio 23, 1925. *Resuelto:* Julio 7, 1925.

Depositarios — Acciones en Contra de Estos — Acción en Cobro de Dinero Fundada en un Depósito—Prueba Insuficiente.—Una demanda en cobro de dinero fundada en que cierto depósito se hizo en ''billetes de banco de curso legal, moneda americana'', no queda probada con evidencia de que la

cantidad reclamada se entregó "en valores en calidad de depósito"; en tal caso existe más bien una deficiencia o falta de prueba que una incongruencia entre lo alegado y probado.

Sentencia de *R. Díaz Cintrón,* J. (Ponce), declarando con lugar la demanda, sin costas. *Revocada, declarándose sin lugar la demanda.*

*Carlos Brunet del Valle,* abogado del apelante; *E. Ramos Antonini,* abogado del apelado.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

La sola cuestión envuelta en esta apelación se contrae a la interpretación de cierto documento de depósito que las partes sometieron a la corte inferior como única prueba para la decisión del asunto.

Dicho documento copiado a la letra dice:

"Ponce, P. R., Agosto 22/923.—Recibí de D. Rafael González la suma de trescientos ochenta y 00/00 dollars, ($380.00) en valores en calidad de depósito.—$380.00 (f.) O. Wys."

Fundándose en los términos de ese recibo, el demandante alegó que él entregó al demandado en calidad de depósito la suma de $380 en billetes de curso legal y sujeta a devolución en cualquier tiempo.

El demandado negó que en fecha alguna el demandante le entregara cantidad alguna para depósito y alegó en contrario que el único depósito hecho a nombre del demandante consistió en billetes de lotería de Madrid, que no pertenecen al demandante sino a la sucesión Mena y que en todo momento el demandado ha estado y está dispuesto a devolver dichos billetes de lotería, los que se ha negado a recibir el demandante por exigir su importe en dinero.

El Juez inferior en su opinión sosteniendo su sentencia en favor del demandante, admite sin embargo que la evidencia aducida no es congruente con las alegaciones de la demanda. La parte pertinente de dicha opinión dice:

"Es verdad que la única evidencia aducida en este caso no es de un todo congruente con la alegación del depósito que establece

en su demanda: sin embargo, el demandado ha suscrito un documento en el que confiesa haber recibido del demandante la suma de $380.00 en depósito y en valores, y es indudable, de acuerdo con nuestro Código Civil vigente, artículo 1668 y siguientes, que está en la obligación de restituirlos al depositante.''

Se puede ver el error en que incurrió la corte. En primer lugar el recibo de depósito no dice que la suma de $380 se hiciera en depósito y en valores, sino únicamente ''en valores en calidad de depósito,'' y en segundo lugar, que partiendo de este último sentido en relación con la demanda que exige simplemente el cobro de dinero, se trata más bien de una deficiencia o falta de prueba que de una incongruencia, por haber quedado sin probar el hecho exacto de la alegación del demandante.

Los artículos 34 y 35 de la Ley de Evidencia (secciones 1402 y 1403, Comp. 1911, p. 301), dicen:

''Art. 34.—La evidencia deberá corresponder a las alegaciones esenciales, y ser pertinentes a la cuestión que se ventila. Queda, sin embargo, a arbitrio del tribunal, permitir la investigación de un hecho accesorio siempre que éste estuviere directamente relacionado con la cuestión en controversia, y fuere necesario para su debida determinación o aféctase la credibilidad de un testigo.

''Art. 35.—De conformidad con las precedentes disposiciones, podrá presentarse en un juicio evidencia de los hechos siguientes:

''1. El hecho exacto en controversia.

''    *    *    *    *    *    *    * ''

Y el artículo 138 del Código de Enjuiciamiento Civil asimismo dice:

''Art. 138.—Sin embargo, cuando las alegaciones de la demanda o contestación a que se refiere la prueba, quedan sin probar, no en algún particular o particulares solamente, sino en su alcance y significación general, no deberá considerarse como un caso de incongruencia, con arreglo a los dos últimos artículos, sino como deficiencia de la prueba.''

Correspondía, por tanto, al demandante probar, como él alega, que el depósito se había hecho ''en billetes de banco de curso legal, moneda americana,'' a menos que le diéra-

mos una interpretación especial a la palabra "valores" fuera del lenguaje usual y corriente—para significar dinero en efectivo. Pero no podemos sostener tal interpretación toda vez que por valores se entiende generalmente y en el comercio especialmente, documentos representativos de dinero efectivo tales·como bonos, acciones de banco, pagarés, giros y otros de carácter análogo. Así es que teniendo dicha palabra un sentido general bien definido por el uso, estamos obligados a seguir su significación usual y corriente y no la interpretación especial que le ha sido dada. En el mismo Código de Comercio, al regular el depósito mercantil, podemos encontrar la distinción que hace, del numerario refiriéndose al dinero, artículo 307, y de los depósitos consistentes en títulos, valores, etc., artículo 308.

Por otra parte, si lo entregado son valores, esta es una obligación específica y en tal sentido es que puede exigirse. De otro modo era necesario alegarse la imposibilidad de su entrega para que pudiera traducirse en una acción en cobro de dinero. El artículo 1668 del Código Civil dispone que el depositario está obligado a guardar la cosa y restituirla cuando la sea pedida, y determina además que su responsabilidad en cuanto a la guarda y la pérdida de la cosa se regirá por lo dispuesto en el título I del mismo código. El título I, libro 4º, trata de las obligaciones y contratos. En el capítulo II que se refiere a la naturaleza y efecto de las obligaciones, el artículo 1063 dice lo siguiente:

"Art. 1063.—Cuando lo que deba entregarse sea una cosa determinada, el acreedor, independientemente del derecho que le otorga el artículo 967, puede compeler al deudor a que realice la entrega.

"Si la cosa fuere indeterminada o genérica, podrá pedir que se cumpla la obligación a expensas del deudor.

"Si el obligado se constituye en mora, o se halla comprometido a entregar una misma cosa a dos o más personas diversas, serán de su cuenta los casos fortuitos hasta que se realice la entrega."

Este artículo se refiere al derecho que permite el artículo 967, pero la referencia de este artículo indudablemente está

equivocada por referirse a materias sobre aceptación y repudiación de herencia. El artículo 1063 es el equivalente del 1096 del Código Civil español y en éste el que se menciona es el 1101 del propio código español equivalente a su vez al 1068 de nuestro Código Civil Revisado, que dice:

"Art. 1068.—Quedan sujetos a la indemnización de los daños y perjuicios causados, los que en el cumplimiento de sus obligaciones incurrieren en dolo, negligencia o morosidad; y los que de cualquier modo contravinieren al tenor de aquéllas."

. Y el demandante ni funda su demanda reclamando la devolución específica de los "valores" que constituyen el depósito ni tampoco hace descansar su acción en lo que dispone el artículo 1068 transcrito.

Por todo lo expuesto, *la sentencia inferior debe revocarse y dictarse otra declarando sin lugar la demanda, sin especial condenación de costas.*